Milord A. Keshishian, SBN 197835
milord@milordlaw.com
Stephanie V. Trice, SBN 324944
stephanie@milordlaw.com
MILORD & ASSOCIATES, P.C.
10517 W. Pico Boulevard
Los Angeles, California 90064
Tel: (310) 226-7878
Fax: (310) 226-7879
Attorneys for Plaintiff,
CNC SOFTWARE, LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CNC SOFTWARE, LLC,<br><br>       Plaintiff,<br><br>     v.<br><br>AEROSPARES FABRICATION, LLC;<br>REYNALDO MAMARIL, AND DOES<br>1-10.<br><br>       Defendants. | Case No.:  2:22-cv-4767<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

## INTRODUCTION

Plaintiff, CNC Software, LLC ("CNC" or "Plaintiff"), brings this action against Defendants, Aerospares Fabrication, LLC ("AFL"), Reynaldo Mamaril ("Mamaril"), and DOES 1 through 10 (collectively "Defendants"), for copyright infringement in violation of 17 U.S.C. § 101 et seq., violation of the Digital Millennium Copyright Act's ("DMCA") anti-circumvention prohibitions in 17 U.S.C. §§1201 and 1203 and for breach of contract.  By this Complaint, CNC seeks, inter alia, injunctive relief, monetary damages, and attorneys' fees under 17 U.S.C. §§ 106, 501, 502, 504 and 505, and 17 U.S.C. §§1201 and 1203 and alleges as follows:

## THE PARTIES

1.      Plaintiff is a limited liability company with a principal place of business located at 671 Old Post Road, Tolland, Connecticut 06084.

2.      AFL is a California limited liability company located at 15534 Minnesota Avenue, Paramount, California 90723.

3.      Mamaril, an individual, is the sole member and manager of AFL, has a principal place of business of 15534 Minnesota Avenue, Paramount, California 90723, and a residence address in Bellflower, California.  Mamaril, as the sole managing member of AFL, and self-described AUTOCAD trained expert, is the person directly responsible for either downloading and use, or authorizing downloading and use, of the pirated MASTERCAM® software, is thereby a principal, guiding spirit, central figure, and the moving, active, conscious force behind AFL and AFL's copyright infringement, and has control over the day-to-day operations thereof, and directly benefits from the tortious conduct alleged herein.  AFL's website, under Mamaril's direction, advertises and touts AFL's "capabilities" with "CNC Machines," which are operated by infringing Mastercam® software.  A number of cease and desist letters were sent to AFL, but Mamaril took no steps to stop the infringement, which has continued to at least the

date of this filing.

4.     CNC is unaware of the true names and capacities of DOES 1 through 10, inclusive, and therefore sues said Defendants by such fictitious names.  CNC will ask leave of Court to amend this Complaint to state the true names and capacities of the Defendants sued as DOES when the same are ascertained.  CNC is informed and believes and based thereon, alleges that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that CNC's damages, as herein alleged, were proximately caused by their conduct.

5.     CNC is informed and believes, and on that basis alleges, that at all times relevant to this action, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and were at all times acting within the scope of such agency, affiliation, alter-ego, relationship and/or employment, and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein with full knowledge of each and every violation of CNC's rights and the damages to CNC proximately caused thereby.

## JURISDICTION AND VENUE

6.     This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

7.     This Court has original and exclusive jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.     Plaintiff is informed and believes that this Court may properly exercise personal jurisdiction over the Defendants because AFL is a California limited liability company located in Los Angeles County and regularly does business in the state.

9.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), and/or § 1400(a).

CNC Software, LLC v. Aerospares Fabrication, LLC, et al.

1

## THE ASSERTED COPYRIGHTS

2       10.    U.S. Copyright Registration No. TX 000-740-3804 ("MASTERCAM
3   X5®") is owned by the Plaintiff.

4       11.    U.S. Copyright Registration No. TXu 1-832-859 ("MASTERCAM
5   X6®") is owned by the Plaintiff.

6       12.    U.S. Copyright Registration No. TX 7-923-706 ("MASTERCAM
7   X7®") is owned by the Plaintiff.

8       13.    U.S. Copyright Registration No. TX 8-051-551 ("MASTERCAM
9   X8®") is owned by the Plaintiff.

10       14.    U.S. Copyright Registration No. TX 8-118-373 ("MASTERCAM
11   X9®") is owned by the Plaintiff.

12       15.    U.S. Copyright Registration No. TX 8-475-949 ("MASTERCAM
13   X10®") is owned by the Plaintiff.

14       16.    U.S. Copyright Registration No. TX 000-856-1629 ("MASTERCAM
15   2017®") is owned by the Plaintiff.

16       17.    U.S. Copyright Registration No. TX 8-469-597 ("MASTERCAM
17   2018®") is owned by the Plaintiff.

18       18.    U.S. Copyright Registration No. TXu 2-071-315 ("MASTERCAM
19   2019®") is owned by the Plaintiff.

20       19.    U.S. Copyright Registration No. TXu 2-123-245 ("MASTERCAM
21   2020 TECHNICAL PREVIEW®") is owned by the Plaintiff.

22       20.    U.S. Copyright Registration No. TXu 2-175-258 ("MASTERCAM
23   2021 Technical Preview®") is owned by the Plaintiff.

24       21.    U.S. Copyright Registration No. TX 8-996-742 ("MASTERCAM
25   2022") is owned by the Plaintiff.

26       22.    U.S. Copyright Registration No. TX 9-048-616 ("MASTERCAM
27   2023 Technical Preview")

28       23.    U.S. Copyright Registration No. TX 9-131-575 ("MASTERCAM

2023") is owned by the Plaintiff.

## **BACKGROUND FACTS**

24. CNC was established in 1983. The company is headquartered in Tolland, Connecticut, and is one of the oldest businesses in the CAD/CAM (Computer Aided Design/Computer Aided Manufacturing) industry.

25. CNC's flagship product, MASTERCAM®, has grown to become one of the most recognizable brands in manufacturing, worldwide, and is the most widely used CAM systems in the market today. MASTERCAM® is used in a wide variety of industries including Aerospace, Medical and Transportation.

26. MASTERCAM® is protected by the copyrights asserted in ¶¶ 10-23 of this Complaint.

27. CNC regularly improves, updates and adds features when it releases new versions of its MASTERCAM® software.

28. For each new version of its MASTERCAM® software, CNC applied for and received a copyright registration.

29. Each new version of MASTERCAM® software is substantially similar to the preceding version, and in most cases, to other earlier versions of the MASTERCAM® software.

30. Plaintiff licenses the MASTERCAM® software to its customers. Customers may purchase single-user licenses or multi-user licenses. In either case, the number of simultaneous users or end-users may not exceed the number of licenses purchased. Plaintiff prevents unauthorized access of the MASTERCAM® software through the use of a Security Mechanism. Plaintiff's license agreement states that customers are not allowed to use the MASTERCAM® software without the Security Mechanism and that the MASTERCAM® software can detect the installation or use of illegal copies of the MASTERCAM® software and collect and transmit data about those illegal copies.

31. Piracy of software occurs when users access software for which they

have not purchased a valid license.  The ease of digital replication of software lends itself to illegal copying of software, where users may make multiple copies of a software program, and then distribute the copies to users who have not made a legal purchase of the software (i.e., either distributing the software for free, or selling the copies of the software at deeply discounted prices).  The licensing associated with the MASTERCAM® software limits how many licensed versions of the MASTERCAM® software can be used at once, but Plaintiff allows those licensed organizations to install the MASTERCAM® software on an unlimited number of computers.

32.    In an effort to reduce the use of illegally copied software, software providers implement license verification technology where the software will not function unless a license has been legally purchased.  The license verification technology may be a software mechanism or a physical mechanism to be attached to a single computer.  The license verification technology may be in the form of a key (i.e., a series of numbers and letters) that a user types in during the software installation process, or a hardware device, where the software will only operate correctly when the hardware device is attached to the computer executing the software.  The license verification technology is provided by the software provider to the buyer when the software is purchased legally.  Users who have not made a legitimate purchase of the software will not have access to the key or hardware device provided by the software provider, and therefore the software will not function properly.  Plaintiff provides license verification technology as a component of the above-mentioned Security Mechanism.

33.    Software hackers reverse engineer the Security Mechanism and then provide processes and utilities to bypass the license enforcement in order to allow unauthorized use of the software.  These processes and utilities mimic the license verification technology (i.e., keys, hardware devices, etc.) as a means to allow pirated software to function fully as legally purchased software.  Software utilities

that mimic the license verification technology are often referred to as "cracked" licenses. Software hackers may also create hacked versions of the software such that a license is not needed during installation.

34.     Sophisticated websites exist where illegally obtained software, the software utilities that mimic the license verification technology, and hacked versions of the software may be downloaded and installed by those who do not want to pay for properly licensed software. Each hacked version of the software represents a lost sale and/or license for the company that owns the software and for resellers of the software (who may provide hardware installation and support, and software configuration, customization, and maintenance). A study by the Business Software Alliance reported that properly licensed software has a positive impact on national economic activity that is more than three times the impact of pirated software.[1]

35.     Software that has been hacked or modified to use a cracked license may also contain malware that can damage computer systems, and/or infiltrate the computer network and the data on that network. In a report commissioned by the Business Software Alliance, the higher the pirated software rate in a country, the more malware generally encountered on computers in that country.[2] Software that has been hacked may also not operate properly, negatively impacting the reputation of the software company that now has no oversight or control over the quality of the hacked versions of its software in use, and/or the products produced by that software.

36.     Piracy Detection and Reporting Security Software ("PDRSS") exists to identify instances of pirated software in use and provides the identity and

---

[1]   https://www.bsa.org/files/reports/2013softwarevaluestudy_en.pdf

[2]   https://www.bsa.org/news-events/news/report-finds-unlicensed-software-and-malware-are-tightly-linked-1

CNC Software, LLC v. Aerospares Fabrication, LLC, et al.

location of organizations utilizing the pirated software to the software providers. Identification of pirated software allows the software providers to take legal action against intentional software piracy, notify unwitting organizations of the illegal use of the software (and the potential malware problems that can accompany pirated software), and sell valid software licenses in the place of the previously illegally obtained software programs to recoup lost sales.  Plaintiff identifies instances of pirated software in use through PDRSS which, along with the license verification technology, is a component of the Security Mechanism.

37.     PDRSS providers also identify the means by which software hackers have thwarted the license verification technology (i.e., the aforementioned cracked license) for a particular software program.  For example, PDRSS providers may accomplish this by downloading pirated software from the above-mentioned websites and determining how the software hackers were able to bypass the license verification technology.  Once the software hackers' methods are identified, the PDRSS providers then work with software providers, such as Plaintiff to map out a plan for determining when pirated software is in use.  This includes identifying when the pirated software is using a cracked license.

38.     The plan may include a variety of forms for identifying software piracy.  The plan may also include defining software use patterns that are indicative of software piracy.  PDRSS providers work with software providers to determine various patterns that are indicative of pirated software use and thresholds at which the PDRSS software should begin to gather and report data on the computer using the pirated software.  For example, it is common for a potential customer to test out a software program for a short period of time before deciding to purchase the software package legally.  However, an organization that continues to use illegally downloaded software for an extended period (i.e., beyond a reasonable test period as defined by the software provider) has breached the threshold of a trial period.  Another threshold might be the detection of a cracked

license, which is an indication of an anomaly within the software, or other suspicious patterns of use of the software.

39.    Software providers, such as Plaintiff embed the PDRSS (according to the plan tailored specifically for that software provider) within their software, validate that the patterns and thresholds will trigger on pirated software (and will not trigger on validly purchased software), and then release the software.  The software that contains the embedded PDRSS also provides a clear notice within the Software License Agreement ("SLA") of the existence of the PDRSS within the software.  Once new versions of software are released, both legally purchased software and the eventually pirated software will contain the embedded PDRSS that triggers data reporting when suspicious patterns and thresholds are detected.

40.    Cracked versions of MASTERCAM® downloaded from a pirate website still contain a Clickwrap version of the SLA that the user of the pirated software must agree to before gaining access to the software.

41.    The serial number of the license is a unique identifier and helps in identifying unauthorized versions of the software.  Multiple versions of software using the same serial number are indicative of unauthorized versions of software using a cracked license.  In some cases, illegal license generators create license files having serial numbers that are inconsistent with the serial numbers generated by the software providers, which is also indicative of a cracked license.

42.    The Internet Protocol ("IP") address is a unique address used to identify computers on the global network of the internet.  An IP address is the numerical sequence by which a computer on the public internet can identify another computer on the public internet.  IP addresses are in the form xxx.xxx.xxx.xxx where each xxx must be a number between 0 – 255.

43.    The identifying name of a computer is typically a name an organization gives to each computer in the organization for easy identification within the organization.  For example, identifying computer names

Computer_Lab_1 and Computer_Lab_2 are easy to remember, and help employees within the organization easily reference particular computers, rather than, for example, referring to computers by a serial number associated with the computer hardware.

44.     A Media Access Control ("MAC") address is a unique hardware identifier assigned to network interfaces.  Every device that makes a physical connection to the network, whether it is an Ethernet card or port, or wireless connection has a unique and specific address.  Thus, a computer with both an Ethernet connection and a wireless connection has two unique MAC addresses.  A MAC address is a series of numbers and letters.  When a network device is manufactured, it is assigned a MAC address at the factory.  The first six digits of a MAC address represent the device manufacturer, which can be looked up on the Internet.

45.     Reporting data from the embedded PDRSS includes a variety of information to identify the software that has been pirated and the organizations utilizing the pirated software, such as the version of the software being used, the license serial number, the IP address of the organization where the pirated software is running, the identifying name of the computer, and a MAC address.  Through the Security Mechanism, Plaintiff collects the aforementioned identifying information to determine when pirated and unlicensed versions of its MASTERCAM® software are being utilized.

46.     Software providers may track their own reporting data or may use third party providers to track the reporting data.  Once pirated copies of software are identified, software providers can notify the organizations using the software and request that they purchase validly licensed copies of the software instead of using the pirated software.

47.     Through the use of PDRSS, Plaintiff has identified Defendants as using unlicensed and pirated MASTERCAM® software.

48.     Plaintiff, through the Software Compliance Group ("SCG"), a third-party vendor that tracks the PDRSS data for Plaintiff, collects a large volume of data through the use of PDRSS that must be reviewed, analyzed and investigated to determine and confirm the source of infringement.  Through review, analysis and investigation of the PDRSS data, SCG discovered Defendants used unlicensed and pirated MASTERCAM® software.

49.     On information and belief, Defendants, through the actions of one or more individuals working for the benefit of AFL and within the course and scope of their employment, installed, accessed and used pirated versions of MASTERCAM®.

50.     Pirated versions of MASTERCAM® cannot be downloaded and installed accidently or innocently.  Rather, downloading and installing pirated MASTERCAM® software is a multi-step process that requires willful and deliberate action to circumvent the PDRSS and other components of the Security Mechanism that are put in place to deter and detect unlicensed use of software.

51.     Plaintiff has detected over one thousand three hundred (1,300) instances of unauthorized access to MASTERCAM® by Defendants through the use of PDRSS.  The PDRSS reported at least six (6) computers owned or controlled by Defendants' or Defendants' employees running unauthorized copies of MASTERCAM® between September 10, 2019 through the present.

52.     Many of the PDRSS Wi-Fi latitude and longitude coordinates identify AFL's address of 15534 Minnesota Avenue, Paramount, California 90723.

53.     One of the PDRSS "User" datapoints identifies "Ezequiel."  On information and belief, this refers to Ezequiel Contreras, who according to his LinkedIn profile, is a CNC machinist and employee of AFL.

54.     On May 3, 2022, and again on May 17, 2022, McInnes & McLane, LLP ("M&M") sent letters to AFL via email to the email addresses "rfq@aerosparesfab.com" and "asf@aerosparesfab.com" on behalf of Plaintiff to

notify AFL of the infringing use of MASTERCAM®, and to seek a resolution for the unlicensed use of the software.

55. The May 3, 2022 letter contained a summary of a representative sample of the PDRSS infringements to assist AFL to locate and isolate the computers at issue.

56. All indications are that the emails were received. However, M&M received no response to the May 2022 correspondences.

57. On May 27, 2022, M&M sent the May 3, 2022 and May 17, 2022 letters to AFL via priority mail through the United States Post office.

58. United States Post Office tracking indicates the May 27, 2022 correspondence was delivered to AFL's physical address of 15534 Minnesota Avenue, Paramount, California 90723 on May 31, 2022.

59. However, M&M received no response to its letters, and the infringements continued and continue through the date of this filing.

60. As a direct and proximate result of Defendants' acts of infringement, the Plaintiff has suffered damages and will continue to suffer damages.

61. As a direct and proximate result of Defendants' acts of infringement, the Plaintiff has suffered and continues to suffer irreparable harm for which there is no adequate remedy at law.

## COUNT ONE

Infringement of MASTERCAM® Software Registration Number TX 000-740-3804 ("MASTERCAM X5®") by Defendants, 17 U.S.C. §§ 106 and 501

62. The Plaintiff incorporates the previous paragraphs of this Complaint by reference and re-alleges them as originally and fully set forth herein.

63. Defendants have knowingly and intentionally infringed, and continue to infringe MASTERCAM X5®, and will continue to do so unless enjoined by this Court.

64. As a direct and proximate consequence of Defendants' infringing acts,

the Plaintiff has suffered and will continue to suffer injury and damages, and unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and will suffer and continue to suffer injury and damages, which are causing irreparable harm and for which Plaintiff is entitled to relief.

65.     Upon information and belief, the aforementioned infringement is knowing, intentional and willful.

## COUNT TWO

Infringement of MASTERCAM® Software Registration Number TXu 1-832-859 ("MASTERCAM X6®") by Defendants, 17 U.S.C. §§ 106 and 501

66.     The Plaintiff incorporates the previous paragraphs of this Complaint by reference and re-alleges them as originally and fully set forth herein.

67.     Defendants have knowingly and intentionally infringed and continue to infringe MASTERCAM X6®, and will continue to do so unless enjoined by this Court.

68.     As a direct and proximate consequence of Defendants' infringing acts, the Plaintiff has suffered and will continue to suffer injury and damages, and unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and will suffer and continue to suffer injury and damages, which are causing irreparable harm and for which Plaintiff is entitled to relief.

69.     Upon information and belief, the aforementioned infringement is knowing, intentional and willful.

## COUNT THREE

Infringement of MASTERCAM® Software Registration Number TX 7-923-706 ("MASTERCAM X7®") by Defendants, 17 U.S.C. §§ 106 and 501

70.     The Plaintiff incorporates the previous paragraphs of this Complaint by reference and re-alleges them as originally and fully set forth herein.

71.     Defendants have knowingly and intentionally infringed, and continue to infringe MASTERCAM X7®, and will continue to do so unless enjoined by this Court.

72.     As a direct and proximate consequence of Defendants' infringing acts, the Plaintiff has suffered and will continue to suffer injury and damages, and unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and will suffer and continue to suffer injury and damages, which are causing irreparable harm and for which Plaintiff is entitled to relief.

73.     Upon information and belief, the aforementioned infringement is knowing, intentional and willful.

## **COUNT FOUR**

Infringement of MASTERCAM® Software Registration Number TX 8-051-551 ("MASTERCAM X8®") by Defendants, 17 U.S.C. §§ 106 and 501

74.     The Plaintiff incorporates the previous paragraphs of this Complaint by reference and re-alleges them as originally and fully set forth herein.

75.     Defendants have knowingly and intentionally infringed, and continue to infringe MASTERCAM X8®, and will continue to do so unless enjoined by this Court.

76.     As a direct and proximate consequence of Defendants' infringing acts, the Plaintiff has suffered and will continue to suffer injury and damages, and unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and will suffer and continue to suffer injury and damages, which are causing irreparable harm and for which Plaintiff is entitled to relief.

77.     Upon information and belief, the aforementioned infringement is knowing, intentional and willful.

CNC Software, LLC v. Aerospares Fabrication, LLC, et al.

## **COUNT FIVE**

Infringement of MASTERCAM® Software Registration Number TX 8-118-373

("MASTERCAM X9®") by Defendants, 17 U.S.C. §§ 106 and 501

78.     The Plaintiff incorporates the previous paragraphs of this Complaint by reference and re-alleges them as originally and fully set forth herein.

79.     Defendants have knowingly and intentionally infringed, and continue to infringe MASTERCAM X9®, and will continue to do so unless enjoined by this Court.

80.     As a direct and proximate consequence of Defendants' infringing acts, the Plaintiff has suffered and will continue to suffer injury and damages, and unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and will suffer and continue to suffer injury and damages, which are causing irreparable harm and for which Plaintiff is entitled to relief.

81.     Upon information and belief, the aforementioned infringement is knowing, intentional and willful.

## **COUNT SIX**

Infringement of MASTERCAM® Software Registration Number TX 8-475-949

("MASTERCAM X10®") by Defendants, 17 U.S.C. §§ 106 and 501

82.     The Plaintiff incorporates the previous paragraphs of this Complaint by reference and re-alleges them as originally and fully set forth herein.

83.     Defendants have knowingly and intentionally infringed, and continue to infringe MASTERCAM X10®, and will continue to do so unless enjoined by this Court.

84.     As a direct and proximate consequence of Defendants' infringing acts, the Plaintiff has suffered and will continue to suffer injury and damages, and unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and will suffer and continue to suffer injury and

damages, which are causing irreparable harm and for which Plaintiff is entitled to relief.

85.     Upon information and belief, the aforementioned infringement is knowing, intentional and willful.

## COUNT SEVEN

Infringement of MASTERCAM® Software Registration Number TX 000-856-1629 ("MASTERCAM 2017®") by Defendants, 17 U.S.C. §§ 106 and 501

86.     The Plaintiff incorporates the previous paragraphs of this Complaint by reference and re-alleges them as originally and fully set forth herein.

87.     Defendants have knowingly and intentionally infringed, and continue to infringe MASTERCAM 2017®, and will continue to do so unless enjoined by this Court.

88.     As a direct and proximate consequence of Defendants' infringing acts, the Plaintiff has suffered and will continue to suffer injury and damages, and unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and will suffer and continue to suffer injury and damages, which are causing irreparable harm and for which Plaintiff is entitled to relief.

89.     Upon information and belief, the aforementioned infringement is knowing, intentional and willful.

## COUNT EIGHT

Infringement of MASTERCAM® Software Registration Number TX 8-469-597 ("MASTERCAM 2018®") by Defendants, 17 U.S.C. §§ 106 and 501

90.     The Plaintiff incorporates the previous paragraphs of this Complaint by reference and re-alleges them as originally and fully set forth herein.

91.     Defendants have knowingly and intentionally infringed, and continue to infringe MASTERCAM 2018®, and will continue to do so unless enjoined by this Court.

92.     As a direct and proximate consequence of Defendants' infringing acts, the Plaintiff has suffered and will continue to suffer injury and damages, and unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and will suffer and continue to suffer injury and damages, which are causing irreparable harm and for which Plaintiff is entitled to relief.

93.     Upon information and belief, the aforementioned infringement is knowing, intentional and willful.

## COUNT NINE

Infringement of MASTERCAM® Software Registration Number TXu 2-071-315 ("MASTERCAM 2019®") by Defendants, 17 U.S.C. §§ 106 and 501

94.     The Plaintiff incorporates the previous paragraphs of this Complaint by reference and re-alleges them as originally and fully set forth herein.

95.     Defendants have knowingly and intentionally infringed, and continue to infringe MASTERCAM 2019®, and will continue to do so unless enjoined by this Court.

96.     As a direct and proximate consequence of Defendants' infringing acts, the Plaintiff has suffered and will continue to suffer injury and damages, and unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and will suffer and continue to suffer injury and damages, which are causing irreparable harm and for which Plaintiff is entitled to relief.

97.     Upon information and belief, the aforementioned infringement is knowing, intentional and willful.

## COUNT TEN

Infringement of MASTERCAM® Software Registration Number TXu 2-123-245 ("MASTERCAM 2020®") by Defendants, 17 U.S.C. §§ 106 and 501

98.     The Plaintiff incorporates the previous paragraphs of this Complaint

by reference and re-alleges them as originally and fully set forth herein.

99.     Defendants have knowingly and intentionally infringed, and continue to infringe MASTERCAM 2020®, and will continue to do so unless enjoined by this Court.

100.     As a direct and proximate consequence of Defendants' infringing acts, the Plaintiff has suffered and will continue to suffer injury and damages, and unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and will suffer and continue to suffer injury and damages, which are causing irreparable harm and for which Plaintiff is entitled to relief.

101.     Upon information and belief, the aforementioned infringement is knowing, intentional and willful.

## COUNT ELEVEN

Infringement of MASTERCAM® Software Registration Number TXu 2-175-258 ("MASTERCAM 2021® by Defendants, 17 U.S.C. §§ 106 and 501

102.     The Plaintiff incorporates the previous paragraphs of this Complaint by reference and re-alleges them as originally and fully set forth herein.

103.     Defendants have knowingly and intentionally infringed, and continue to infringe MASTERCAM 2021®, and will continue to do so unless enjoined by this Court.

104.     As a direct and proximate consequence of Defendants' infringing acts, the Plaintiff has suffered and will continue to suffer injury and damages, and unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and will suffer and continue to suffer injury and damages, which are causing irreparable harm and for which Plaintiff is entitled to relief.

105.     Upon information and belief, the aforementioned infringement is knowing, intentional and willful.

## COUNT TWELVE

Infringement of MASTERCAM® Software Registration Number TX 8-996-742 ("MASTERCAM 2022®") by Defendants, 17 U.S.C. §§ 106 and 501

106. The Plaintiff incorporates the previous paragraphs of this Complaint by reference and re-alleges them as originally and fully set forth herein.

107. Defendants have knowingly and intentionally infringed, and continue to infringe MASTERCAM 2022®, and will continue to do so unless enjoined by this Court.

108. As a direct and proximate consequence of Defendants' infringing acts, the Plaintiff has suffered and will continue to suffer injury and damages, and unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and will suffer and continue to suffer injury and damages, which are causing irreparable harm and for which Plaintiff is entitled to relief.

109. Upon information and belief, the aforementioned infringement is knowing, intentional and willful.

## COUNT THIRTEEN

Infringement of MASTERCAM® Software Registration Number TX 9-048-616 ("MASTERCAM PREVIEW 2023®") by Defendants, 17 U.S.C. §§ 106 and 501

110. The Plaintiff incorporates the previous paragraphs of this Complaint by reference and re-alleges them as originally and fully set forth herein.

111. Defendants have knowingly and intentionally infringed, and continue to infringe MASTERCAM PREVIEW 2023®, and will continue to do so unless enjoined by this Court.

112. As a direct and proximate consequence of Defendants' infringing acts, the Plaintiff has suffered and will continue to suffer injury and damages, and unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and will suffer and continue to suffer injury and

damages, which are causing irreparable harm and for which Plaintiff is entitled to relief.

113.    Upon information and belief, the aforementioned infringement is knowing, intentional and willful.

## COUNT FOURTEEN

Infringement of MASTERCAM® Software Registration Number TX 9-131-575 ("MASTERCAM 2023®") by Defendants, 17 U.S.C. §§ 106 and 501

114.    The Plaintiff incorporates the previous paragraphs of this Complaint by reference and re-alleges them as originally and fully set forth herein.

115.    Defendants have knowingly and intentionally infringed, and continue to infringe MASTERCAM 2023®, and will continue to do so unless enjoined by this Court.

116.    As a direct and proximate consequence of Defendants' infringing acts, the Plaintiff has suffered and will continue to suffer injury and damages, and unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and will suffer and continue to suffer injury and damages, which are causing irreparable harm and for which Plaintiff is entitled to relief.

117.    Upon information and belief, the aforementioned infringement is knowing, intentional and willful.

## COUNT FIFTEEN

Unlawful Circumvention Under the Digital Millennium Copyright Act ("DMCA") by Defendants, 17 U.S.C. §§ 1201 and 1203

118.    The Plaintiff incorporates the previous paragraphs of this Complaint by reference and re-alleges them as originally and fully set forth herein.

119.    Plaintiff uses a Security Mechanism to control access to and the copying of its MASTERCAM® software, and to prevent unauthorized access and

1   unauthorized copying.

2       120.   On information and belief, Defendants defeated the Security

3   Mechanism, which has allowed Defendants to access and copy the

4   MASTERCAM® software without authorization.

5       121.   Defendants' conduct has caused, and unless enjoined will continue to

6   cause, irreparable harm to Plaintiff, for example through the loss of substantial

7   licensing revenue and diminishment of exclusivity, inherent value, and

8   marketability of the MASTERCAM® software.

9       122.   Accordingly, Defendants have violated 17 U.S.C. § 1201, and this

10   violation is willful.

11       123.   As a result of Defendants' unlawful circumvention, Plaintiff is entitled

12   to actual damages and any additional profits of Defendants pursuant to 17 U.S.C.

13   §1203(c)(2) or statutory damages pursuant to 17 U.S.C. §1203(c)(3).

14       124.   Plaintiff is entitled to costs, including reasonable attorneys' fees,

15   pursuant to 17 U.S.C. § 1203(b).

16   ## COUNT SIXTEEN

17   Breach of Contract

18       125.   The Plaintiff incorporates the previous paragraphs of this Complaint

19   by reference and re-alleges them as originally and fully set forth herein.

20       126.   Plaintiff and Defendants entered into a Clickwrap SLA wherein

21   Defendants expressly and impliedly agreed to the terms and conditions set forth in

22   the SLA.

23       127.   By Defendants' acceptance of the SLA upon installation of the

24   software, Plaintiff and Defendants entered into a Software License Agreement,

25   wherein Defendants expressly and impliedly agreed to the terms and conditions set

26   forth in the Agreement.

27       128.   Plaintiff has performed all conditions, covenants, and promises

28   required on its part to be performed in accordance with the terms and conditions of

CNC Software, LLC v. Aerospares Fabrication, LLC, et al.

the Agreement.

129.    Defendants breached the SLA by illegally downloading and using pirated versions of MASTERCAM®, without proper authorization or payment to CNC as required by the SLA.

130.    As a direct and proximate result of Defendants' breach of the SLA, Plaintiff has sustained damages.

WHEREFORE, Plaintiff, CNC Software, LLC, respectfully requests that this Court enter judgment in its favor and against Defendants and requests relief as follows:

    A. Judgment be entered in its favor and against Defendants on each count of the Complaint;

    B. Declaring that Defendants have infringed the MASTERCAM® software;

    C. Declaring that the foregoing infringement was willful and knowing;

    D. Entry of a preliminary and thereafter permanent injunction prohibiting the Defendants, and their agents, servants and employees, and all persons acting in concert with, or for them from continuing to reproduce, distribute, display, disseminate, transmit, make available for download or otherwise use the MASTERCAM® software in any manner whatsoever appropriating or in violation of the Plaintiff's Copyrights;

    E. Declaring that Defendants have engaged in unlawful circumvention of copyright Security Mechanisms in violation of DMCA;

    F. An order awarding Plaintiff statutory and/or actual damages for each instance on which Defendants circumvented measures controlling access to Plaintiff's software pursuant to 17 U.S.C. § 1203;

    G. Entry of a preliminary and thereafter permanent injunction prohibiting the Defendants and their agents, servants and employees, and all persons acting in concert with, or for them from any further unlawful

CNC Software, LLC v. Aerospares Fabrication, LLC, et al.

circumvention of Plaintiff's Security Mechanisms;

H. Award Plaintiff its actual damages and Defendants' additional profits in an amount to be determined at trial;

I. Compensatory damages for breach of contract in an amount to be determined at trial;

J. An order for an accounting of all gains, profits, cost savings and advantages realized by Defendants from their acts;

K. Award Plaintiff prejudgment and post judgment interest;

L. Award Plaintiff its costs, attorneys' fees and expenses arising from this suit;

M. For entry of an order that restrains and preliminary enjoins, and a final order that permanently enjoins, Defendants, their officers, agents, servants, employees, and attorneys and all persons acting in active concert or participation with any of them, from (a) the unlicensed use or duplication of CNC's software to facilitate manufacturing of goods; and (b) facilitating or encouraging the downloading or copying of any CNC software, firmware or support materials from any source;

N. For a seizure order directed to all infringing copies of CNC's MASTERCAM® software or other copyrighted works of CNC in Defendants' possession, including equipment and drives on which the MASTERCAM® software is installed; and

O. Grant Plaintiff, such other relief as this Court, deems just and proper.

//
//
//
//
//
//

CNC Software, LLC v. Aerospares Fabrication, LLC, et al.

Dated: July 12, 2022                    Respectfully submitted,

                                        **MILORD & ASSOCIATES, P.C.**

                                        /s/ Milord A. Keshishian
                                        Milord A. Keshishian
                                        Stephanie V. Trice
                                        Attorneys for Plaintiff,
                                        CNC Software, LLC

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury.

Dated: July 12, 2022                    Respectfully submitted,

                                        **MILORD & ASSOCIATES, P.C.**

                                        /s/ Milord A. Keshishian
                                        Milord A. Keshishian
                                        Stephanie V. Trice
                                        Attorneys for Plaintiff,
                                        CNC Software, LLC