Milord A. Keshishian (SBN 197835)
milord@milordlaw.com
Stephanie V. Trice (SBN 324944)
stephanie@milordlaw.com
**MILORD & ASSOCIATES, P.C.**
10517 West Pico Boulevard
Los Angeles, California 90064
Tel: (310) 226-7878
Fax: (310) 226-7879

Attorneys for Plaintiff
CNC SOFTWARE, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CNC SOFTWARE, LLC;

Plaintiff,

vs.

AEROSPARES FABRICATION, LLC; REYNALDO MAMARIL, AND DOES 1-10,

Defendants.

CASE NO.: 2:22−cv−04767−JVS−JEM
*Honorable James V. Selna*

**CNC SOFTWARE, LLC'S NOTICE OF MOTION AND MOTION FOR ACTUAL DAMAGES, COSTS, ATTORNEYS FEES, AND INTEREST ON THE JUDGMENT**

Hearing Date: April 17 2023
Time: 1:30 p.m.
Courtroom: 10C
411 West 4th St.
Santa Ana, CA 92701

## NOTICE OF MOTION

PLEASE TAKE NOTICE THAT on Monday, April 17, 2023, at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable James V. Selna, in the above-entitled court located at 411 West 4th St., Courtroom 10C, Santa Ana, CA 92701, Plaintiff CNC Software, LLC ("CNC" or "Plaintiff"), will move, and hereby does move, the Court for an order awarding actual damages, costs, and attorneys' fees as the prevailing party in this action against defendants AEROSPARES FABRICATION, LLC ("AFL") and REYNALDO MAMARIL ("Mamaril") (collectively "Defendants"). As Defendants have not appeared and previously refused to communicate with CNC's counsel, the L.R. 7-3 conference of counsel could not take place.

The Motion is based upon the Court's grant of entry of default against Defendants on counts 1-14 (ECF No. 33), these moving papers and the accompanying documentation. **CNC seeks an an award of $137,642.30**, including actual damages in the amount of $112,600.00, costs in the amount of $885.80, attorneys' fees in the amount of $24,156.50, as well as post-judgment interest.

Dated: March 14, 2023

**MILORD & ASSOCIATES, P.C.**
/s/Milord A. Keshishian
Milord A. Keshishian
Attorneys for Plaintiff
CNC SOFTWARE, LLC

# TABLE OF CONTENTS

I. INTRODUCTION ..... 1
II. FACTUAL BACKGROUND ..... 1
III. LEGAL DISCUSSION ..... 2
A. CNC IS ENTITLED TO ITS ACTUAL DAMAGES ..... 3
B. CNC IS ENTITLED TO COSTS ..... 4
C. THE COURT SHOULD AWARD CNC REASONABLE ATTORNEYS' FEES ..... 4
1. CNC is Entitled to its Attorneys' Fees ..... 4
2. Defendants' Willful Infringement Warrants Fees in Excess of the Local Rule Schedule ..... 6
3. CNC's Requested Lodestar Fees are Reasonable ..... 7
D. CNC IS ENTITLED TO INTEREST ON THE JUDGMENT ..... 11
IV. CONCLUSION ..... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AECOM Energy & Constr., Inc. v. Ripley*, 2018 U.S. Dist. LEXIS 27035 (C.D. Cal. Feb. 16, 2018) .......... 8

*AK Futures LLC v. Smoke Tokes, LLC*, No. 821CV01061JVSADSX, 2022 WL 3574280 (C.D. Cal. Jan. 13, 2022) .......... 9

*Am. Rena Int'l Corp. v. Sis-Joyce* Int'l Co., No. CV 12-6972 FMO (JEMx), 2015 U.S. Dist. LEXIS 189271 (C.D. Cal. Dec. 14, 2015) .......... 8

*Autodesk, Inc. v. Flores*, 2011 WL 337836 (N.D. Cal. Jan. 31, 2011) .......... 11

*Blackwell v. Foley*, 724 F. Supp. 2d 1068 (N.D. Cal. 2010) .......... 11

*Brighton Collectibles, Inc. v. Coldwater Creek Inc.*, 2009 WL 160235 (S.D.Cal. 2009) .......... 6

*Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum., Res.*, 532 U.S. 598 (2001) .......... 5

*Chambers v. Time Warner, Inc.*, 279 F.Supp.2d 362 (S.D.N.Y. 2003) .......... 5

*Chaudhry v. City of Los Angeles*, 751 F.3d 1096 (9th Cir. 2014) .......... 10

*China Cent. Television v. Create New Tech. (HK) Ltd.*, No. CV1501869MMMAJWX, 2015 WL 12732432 (C.D. Cal. Dec. 7, 2015) .......... 6

*David Lachapelle Studio Inc. v. VFiles*, LLC, No. CV 20-1357-SB (KSX), 2021 WL 1535538 (C.D. Cal. Mar. 25, 2021) .......... 11

*David Wexler v. B. Scott Media LLC*,
No. 219CV3465CBMAFMX, 2020 WL 7086139 (C.D. Cal. Oct. 5, 2020) .................. 4

*Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*,
122 F.3d 1211 (9th Cir. 1997) .................. 4

*FameFlyNet, Inc. v. Breitbart News Network, LLC*,
No. CV1705416TJHASX, 2019 WL 4221080 (C.D. Cal. Feb. 25, 2019) .................. 8

*Fischer v. SJB-P.D., Inc.*,
214 F.3d 1115 (9th Cir. 2000) .................. 7, 8, 10

*Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*,
886 F.2d 1545 (9th Cir.1989) .................. 5, 6

*Garrapata, LLC v. Norok Innovation, Inc.*,
No. CV 21-00356-CJC (PDx), 2022 WL 4099471 (C.D. Cal. Jun. 24, 2022) .................. 10

*Gates v. Deukmejian*,
987 F.2d 1392 (9th Cir. 1992) .................. 8

*Hensley v. Eckerhart*,
461 U.S. 424 (1983) .................. 7

*Historical Research v. Cabral*,
80 F.3d 377 (9th Cir.1996) .................. 5

*In re LinkedIn User Priv. Litig.*,
309 F.R.D. 573 (N.D. Cal. 2015) .................. 10

*Jarvis v. K2 Inc.*,
486 F.3d 526 (9th Cir. 2007) .................. 3

*Lytle v. Carl*,
382 F.3d 978 (9th Cir.2004) .................. 10

*McRoberts Software, Inc. v. Media 100, Inc.*,
329 F.3d 557 (7th Cir. 2003) .................. 3

*Milton H. Greene Archives, Inc. v. Julien's Auction House, LLC*,
2007 WL 4898365 (E.D.Cal. 2007) .................. 5

*Moore v. Jas. H. Matthews & Co.*,
682 F.2d 830 (9th Cir. 1982) .......... 8

*Morales v. City of San Rafael*,
96 F.3d 359 (9th Cir.1996) .......... 7

*Moreno v. City of Sacramento*,
534 F.3d 1106 (9th Cir. 2008) .......... 11

*Perfect 10, Inc. v. Giganews, Inc.*,
No. CV 11-07098-AB SHX, 2015 WL 1746484 (C.D. Cal. Mar. 24, 2015) .......... 9

*Perkins v. Mobile Housing Bd.*,
847 F.2d 735 (11th Cir. 1988) .......... 11

*Polar Bear Prods., Inc. v. Timex Corp.*,
384 F.3d 700 (9th Cir. 2004) .......... 3

*Range Road Music, Inc. v E. Coast Foods, Inc.*,
No. 09-cv-2059-CAS (AGRx), 2010 WL 11596747 (C.D. Cal. May 5, 2010) .......... 9

*ROAR, LLC v. ROAR Glob. Ltd.*,
2016 WL 7115902 (C.D. Cal. Dec. 5, 2016) .......... 10

*Secalt S.A. v. Wuxi Shenxi Construction Machinery Co., Ltd.*,
668 F.3d 677 (9th Cir. 2012) .......... 9

*Stross v. Smith Rock Masonry Co., LLC*,
No. 6:19-CV-01394-AA, 2021 WL 2453388 (D. Or. June 16, 2021) .......... 4

*Twentieth Century Fox Film Corp. v. Streeter*,
438 F.Supp.2d 1065 (D.Ariz. 2006) .......... 5

*Valley Citizens' Council for Clean Air*,
478 U.S. 546 (1986) .......... 7

*Valley Citizens' Council for Clean Air*,
483 U.S. 711 (1987) .......... 7

*Vogel v. Harbor Plaza Ctr.*, LLC,
893 F.3d 1152 (9th Cir. 2018) .......... 7

*Webb v. Ada County*,
285 F.3d 829 (9th Cir. 2002) .......... 8

*Westgate MFG, Inc. v. Norco Wholesale Elec. Supply Inc.*,
No. 521CV02059JWHSPX, 2022 WL 3101766 (C.D. Cal. Aug. 3, 2022) .......... 10

*Westgate MFG, Inc. v. Norco Wholesale Elec.Supply Inc.*,
2022 WL 3348926 (C.D. Cal. Aug. 11, 2022) .......... 10

**Statutes**

17 U.S.C. § 504 .......... 3

17 U.S.C. § 505 .......... 3, 4, 7

28 U.S.C. § 1961 .......... 11, 12

**Rules**

L.R. 7 .......... ii

L.R. 55 .......... 7

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

CNC should recover its actual damages, costs, and attorneys' fees because Defendants' infringement was willful and CNC is the successful party. Moreover, despite numerous communications sent by Plaintiff and being personally served with the complaint, Defendants have failed to appear. Defendants are software pirates demonstrating an utter disregard for copyright law, the judicial system, and these proceedings. Thus, CNC requests that the Court grant its motion and order Defendants pay CNC the amount of $137,642.30, comprising of $112,600.00 in actual damages for the copyrighted works willfully infringed by Defendants, $885.80 in recoverable costs, and $24,156.50 in attorneys' fees, as well as interest on the judgment.

## II. FACTUAL BACKGROUND

In 2022, CNC discovered Defendants AFL and Mamaril were illegally downloading, copying, accessing, and using CNC's industry-leading Mastercam® software via pirated versions of the Mastercam® software modified to bypass CNC's license enforcement technology. Complaint ¶¶ 47-53. CNC identified over 1,300 instances of detectable infringement of Mastercam® software by Defendants between September of 2019 and August of 2022, involving at least four (4) computers located at Defendants' offices. Declaration of Jacqueline Kennedy ("Kennedy Decl.") ¶ 6. Since May 3, 2022, CNC's counsel has made multiple demands to Defendants to cease their unlawful infringement activity, but Defendants have consistently ignored CNC's requests and have continued to use the illegally obtained versions of Mastercam® software despite the notices. Complaint ¶¶ 54-57. Beginning on May 3, 2022, CNC's counsel emailed Defendants on numerous occasions, but communications did not result in a resolution between the parties leading to CNC filing a Complaint against Defendants. Declaration of John McInnes ("McInnes Decl.") ¶¶ 2-9.

On July 12, 2022, CNC filed a complaint against the Defendants for direct

copyright infringement and contributory and vicarious copyright infringement. ECF No. 1. On July 21, 2022, CNC's counsel's attorney service personally provided a courtesy copy of the Complaint to the Defendants via email. McInnes Decl. ¶ 10. On August 30, 2022, CNC's counsel's attorney service personally served Defendants a copy of the Issued Summons, Complaint, Civil Cover Sheet, Report on the Filing of an Action Regarding a Copyright, Certification and Notice of Interested Parties, Notice of Assignment to United States Judges, Notice to Parties of Court-Directed ADR Program, Notice of Consent to Proceed Before a United States Magistrate Judge, and Initial Standing Order and an Evidence Preservation Letter. Declaration of Milord Keshishian ("Keshishian Decl.") ¶¶ 2-3. Having received no response from the Defendants, on August 30, 2022, Plaintiff personally served Mamaril with the summons and complaint, both in his individual capacity and as AFL's agent for service of process. ECF Nos. 21 and 22. Defendants failed to respond to the complaint by the September 20, 2022, deadline, so on October 11, 2022, CNC filed the request for entry of default by clerk and served Defendants with the same. ECF Nos. 23 and 24.

On January 11, 2023, the Court granted entry of default judgment against Defendants as to Counts 1-14, CNC's request for a permanent injunction, and CNC's request for seizure and destruction of infringing devices. ECF No. 33. Still, Defendants have refused to appear in this matter. Keshishian Decl. ¶ 4.

In light of Defendants' contempt for CNC's intellectual property rights, and these proceedings, CNC presents the Court with the following analysis and documentation, which supports a full recovery of CNC's actual damages, costs, and attorneys' fees incurred in this litigation.

## III. <u>LEGAL DISCUSSION</u>

In actions brought under the Copyright Act, the court has the discretion to "allow the recovery of full costs by or against any party other than the United States or an officer thereof," and "the court may also award a reasonable attorney's fee to the

prevailing party as part of the costs." 17 U.S.C. § 505.

## A. CNC IS ENTITLED TO ITS ACTUAL DAMAGES

Under Section 504(a) of the Copyright Act, a plaintiff may recover: "(1) the copyright owner's actual damages ***and*** any additional profits of the infringer, as provided by subsection (b); ***or*** (2) statutory damages, as provided by subsection (c)." 17 U.S.C. § 504(a) (emphasis added). Defendants' default prohibited CNC's opportunity to unearth the scope of Defendants' sales and profits for disgorgement purposes. But because CNC's piracy detection software identified Defendant's use of the Mastercam® software for three years, CNC can calculate its actual damages based on lost license fees and mandatory support fees during that period. Kennedy Decl. ¶ 6-9.

"Actual damages are usually determined by the loss in the fair market value of the copyright, measured by the profits lost due to the infringement or by the value of the use of the copyrighted work to the infringer." *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 708 (9th Cir. 2004) (quoting *McRoberts Software, Inc. v. Media 100, Inc.*, 329 F.3d 557, 566 (7th Cir. 2003)). "[I]t is not improper for a jury to consider either a hypothetical lost license fee or the value of the infringing use to the infringer to determine actual damages, provided the amount is not based on 'undue speculation.'" *Id.* at 709 (quoting *McRoberts Software*, 329 F.3d at 566).

CNC is seeking actual damages for one license of Mastercam® software and three years of software maintenance fees. Kennedy Decl. ¶ 7-9. **In total, CNC seeks $112,600.00 in actual damages**, which includes $74,200.00 for one license and $12,800 for annual maintenance fees for three years. *Id.* Based on the simultaneous use by certain users, requiring multiple licenses, CNC is entitled to actual damages for four licenses for the four computers detected by its Piracy Detection and Reporting Security Software (PDRSS). *Id.* at ¶¶ 6-9. However, CNC seeks damages for just one software license and three years of software annual maintenance fees. *Id.* at ¶ 9.

Considering Defendants' willful pirating of the Mastercam® software, their

repeated use of the software over more than three years, and their continued infringing use even after being contacted by CNC's counsel, CNC respectfully requests recovery of $112,600.00 in actual damages. A quote estimating the licensing fees and maintenance costs of Defendants' pirated suite of Mastercam® software is attached hereto. *See* Kennedy Decl., ¶9, Ex. 1.

### B. CNC IS ENTITLED TO COSTS

Under 17 U.S.C. § 505, the Court, in its discretion, "may allow the recovery of full costs by or against any party." *See Stross v. Smith Rock Masonry Co., LLC*, No. 6:19-CV-01394-AA, 2021 WL 2453388, at *5 (D. Or. June 16, 2021). CNC seeks $885.80 in costs incurred in pursuit of the litigation. Keshishian Decl. ¶ 8, Ex. C (attaching an itemized cost bill).

### C. THE COURT SHOULD AWARD CNC REASONABLE ATTORNEYS' FEES

#### 1. CNC is Entitled to its Attorneys' Fees

CNC also seeks to recover its reasonable attorneys' fees, which a court should award to the prevailing party particularly where the infringement is willful as discussed above. 17 U.S.C. § 505. Most courts exercise their discretion to award attorneys' fees to the prevailing party as a matter of course. Moreover, attorneys' fees are proper when a court grants a default judgment. *See David Wexler v. B. Scott Media LLC*, No. 219CV3465CBMAFMX, 2020 WL 7086139 at *5 (C.D. Cal. Oct. 5, 2020). Courts consider the following nonexclusive factors in determining an award of attorney fees under Section 505: (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence. *Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1229 (9th Cir. 1997).

Unlike patent cases, exceptional circumstances are not a prerequisite to an award of attorney fees in a copyright action. *Historical Research v. Cabral*, 80 F.3d 377, 378 (9th Cir.1996). To the contrary, plaintiffs in copyright actions may be awarded attorneys' fees simply by virtue of prevailing in the action: no other precondition need be met, although the fee awarded must be reasonable. *Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1556 (9th Cir.1989).

*a. Success Obtained*

As the successful, prevailing party, CNC is entitled to recover its reasonable attorneys' fees. A "prevailing party" is one "in whose favor a judgment is rendered, regardless of the amount of damages awarded—also termed *successful party*... [or] one who has been awarded some relief by the court." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001) (citation omitted). The *Buckhannon* standard is applied to cases under the Copyright Act. *See, e.g. Chambers v. Time Warner, Inc.*, 279 F.Supp.2d 362, 365 (S.D.N.Y. 2003); *Milton H. Greene Archives, Inc. v. Julien's Auction House, LLC*, 2007 WL 4898365 (E.D.Cal. 2007).

*b. Frivolousness*

CNC's claims were far from frivolous, as they were brought to vindicate its rights in its valuable, copyrighted software product. CNC has incurred considerable time, effort, and expense to create and enforce proper use of their Mastercam® software, and brought these claims to protect their business from software pirates.

*c. Motivation*

CNC's motivation was proper and aligned with the Copyright Act. CNC sought to protect its copyrights and business; such motivation favors an award of fees. *See Twentieth Century Fox Film Corp. v. Streeter*, 438 F.Supp.2d 1065, 1074-1075 (D.Ariz. 2006) ("[…] Film Corp. presented a set of facts that establish copyright infringement. Film Corp.'s motivation is pursuing this litigation is to protect its copyrights which is one of the objectives of the Copyright Act.").

*d. Reasonableness*

CNC's claims, both legal and factual, were objectively reasonable as found by the Court, which granted CNC's Motion for Default Judgment as to Counts 1-14. *See China Cent. Television v. Create New Tech. (HK) Ltd.*, No. CV1501869MMMAJWX, 2015 WL 12732432 (C.D. Cal. Dec. 7, 2015) (finding that because plaintiffs were entitled to default judgment, "it cannot be said that plaintiffs' claim was frivolous, nor that the factual and legal arguments supporting the claim were objectively unreasonable.").

*e. Compensation and Deterrence*

Awarding attorneys' fees to prevailing plaintiffs serves the Copyright Act's purpose of "encouraging private enforcement and deterring infringements." *Frank Music Corp.*, 886 F.2d at 1556; *Brighton Collectibles, Inc. v. Coldwater Creek Inc.*, 2009 WL 160235 *3 (S.D.Cal. 2009) ("A fee award in this case of willful infringement furthers the goal of the Copyright Act to serve "the purpose of encouraging private enforcement and deterring infringements."). Allowing CNC to recover its fees would further this goal. Here, Defendants' conduct was particularly willful and egregious, as Defendants illegally downloaded, copied, accessed, and used CNC's software and *continued* using the infringing software after CNC's repeated notifications to Defendants of their unlawful conduct.

Here, the damages do not account for the costs incurred in connection with this litigation. To truly deter Defendants (and other would-be infringers), fees must also be awarded. Without the threat of paying a copyright holder's attorneys' fees, Defendants and other potential infringers may come to believe that they can simply pirate the software and pay the licensing fee *if* they get caught. Ordering fees here will deter such conduct in the future.

**2. Defendants' Willful Infringement Warrants Fees in Excess of the Local Rule Schedule**

The willful infringement described above permits awarding attorneys' fees. 17 U.S.C. § 505. When an applicable statute provides for the recovery of reasonable

attorneys' fees, this Court typically applies a schedule of attorneys' fees. L.R. 55-3. However, when a party properly requests attorneys' fees in excess of this schedule, "the court is obliged to calculate a reasonable fee in the usual manner" utilizing the "lodestar method." *Vogel v. Harbor Plaza Ctr.*, LLC, 893 F.3d 1152, 1159 (9th Cir. 2018).

CNC is requesting **attorneys' fees in the amount of $24,156.50**. Keshishian Decl. ¶¶ 8-9, Ex. C-D. Under the fee schedule for the amount of CNC's judgment, attorneys' fees are approximately $4,869. L.R. 55-3. CNC's counsel, McInnes IP Law, LLC and Milord & Associates, P.C., conducted various stages of litigation, including preparing and filing the complaint, applying for entry of default, drafting the Motion for Default, and tasks performed in connection therewith. *Id*. In light of Defendant's willful infringement by using pirated software, we respectfully request that CNC receive reasonable attorneys' fees using the lodestar method.

### 3. CNC's Requested Lodestar Fees are Reasonable

Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *See also Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). To determine a reasonable fee, the Court multiplies "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley*, 461 U.S. at 433. Once calculated, the lodestar rate may, in certain circumstances, be adjusted to account for other factors, including the customary fee, the novelty and difficulty of the questions involved, the skill requisite to perform the legal service properly, and the awards allowed in similar cases. *Morales v. City of San Rafael*, 96 F.3d 359, 363 n. 9 (9th Cir.1996). An adjustment based on these factors, though, warrants a departure from the lodestar figure only in "rare and exceptional cases." *Fischer*, 214 F.3d at 1119 n. 4, (*quoting Penn. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). Once calculated, the "lodestar" is presumptively reasonable. *See Penn. v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728 (1987); *see also Fischer*, 214 F.3d at 1119 n. 4 (the lodestar figure should only be adjusted only in rare and exceptional cases).

Using this calculation, an award of attorneys' fees in the amount of $24,156.50 is reasonable and justified. Keshishian Decl. ¶¶ 8-9. This amount constitutes the fees CNC incurred for a reasonable number of hours McInnes IP Law, LLC and Milord & Associates, P.C. spent on this case. This time was "reasonably expended in pursuit of success." *Moore v. Jas. H. Matthews & Co*., 682 F.2d 830, 839 (9th Cir. 1982).

*a. The Rates Requested are Reasonable*

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees. *See Webb v. Ada County*, 285 F.3d 829, 840 & n.6 (9th Cir. 2002). The reasonable hourly rate should reflect the prevailing market rates in the community. *See id.*; *see also Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992*), as amended on denial of reh'g*, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").

The hourly rates for CNC's counsel and legal staff are as follows: $195/hour for paralegals, $250 for law clerks, $300 for junior associates, $435 for senior associates, and $575 for senior counsel. Keshishian Decl. ¶ 8. California District Courts have awarded fees at markedly higher rates than those requested by CNC's counsel in comparable intellectual property cases:

- *FameFlyNet, Inc. v. Breitbart News Network, LLC*, No. CV1705416TJHASX, 2019 WL 4221080 (C.D. Cal. Feb. 25, 2019) (finding a rate of $600 for a partner with 26 years of experience, and rates ranging from $350-$500 for associates with 6-11 years of experience to be reasonable for a copyright case);
- *AECOM Energy & Constr., Inc. v. Ripley*, 2018 U.S. Dist. LEXIS 27035 (C.D. Cal. Feb. 16, 2018) (a partner rate of $892, associate rate of $554, and paralegal rate of $334 were in line with rates courts in the Central District have previously approved and thus "reasonable and consistent with comparable market rates.");
- *Am. Rena Int'l Corp. v. Sis-Joyce Int'l Co.*, No. CV 12-6972 FMO (JEMx), 2015 WL 12732433, at *40-41, 2015 U.S. Dist. LEXIS 189271, at *126-27, (C.D. Cal. Dec. 14, 2015) (finding reasonable in trademark infringement action an hourly rate range of $765.00 to $915.00 for partners and $300.00 to $535.00 for associates in Los Angeles);

- *Perfect 10, Inc. v. Giganews, Inc.*, No. CV 11-07098-AB SHX, 2015 WL 1746484 (C.D. Cal. Mar. 24, 2015), *aff'd*, 847 F.3d 657 (9th Cir. 2017), (finding $750-$930 for senior partners, $610-$750 for junior partners, and $350-$690 for associates to be reasonable in copyright infringement actions in the Los Angeles market);
- *Secalt S.A. v. Wuxi Shenxi Construction Machinery Co., Ltd.*, 668 F.3d 677, 689 (9th Cir. 2012) (affirming the reasonableness of hourly rates ranging from $320.00 to $685.00 in copyright case);
- *Range Road Music, Inc. v E. Coast Foods, Inc.*, No. 09-cv-2059-CAS (AGRx), 2010 U.S. Dist. LEXIS 154210, 2010 WL 11596747, at *2-*3 (C.D. Cal. May 5, 2010), *aff'd* (finding partner rates around $657 and junior associate rates around $460 to be reasonable for a copyright infringement case in the Los Angeles market).

Notably, this Court recently found that substantially higher rates for less experienced attorneys were appropriate. *See AK Futures LLC v. Smoke Tokes, LLC*, No. 821CV01061JVSADSX, 2022 WL 3574280, at *2 (C.D. Cal. Jan. 13, 2022) (holding that "billing rates of $590.63 for a new associate, $809.38 for an associate with seven years of experience, and $962.50 for a partner with eleven years of experience are not excessive compared to prior awards in this forum."). In *AK Futures*, this Court awarded Plaintiff $92,656.45 in fees and costs after entry of default judgment.

Based on this authority, the fee rates charged by CNC's counsel are reasonable and commensurate with their experience. Mr. Keshishian is a Southern California-based intellectual property attorney with more than 24 years of experience. Keshishian Decl., ¶ 5. Ms. Stephanie Trice is a Southern California-based senior intellectual property senior associate attorney with four years of experience who has worked with Milord & Associates for the past 20 years. *Id.* ¶ 7. Mr. Evan Chavez is a Southern California-based intellectual property associate attorney with two years of experience as an attorney including one year at the USPTO. Ms. Kirstin Jensvold-Rumage is a Southern California-based intellectual property junior associate attorney with one year of experience. *Id.* Mr. John McInnes is an East Coast-based intellectual property attorney with more than 19 years of experience. *Id.* ¶ 9. Milord & Associates' senior law clerk rate is $250 and paralegals' hourly rate is $195, which are reasonable rates for legal

support staff in 2023. *Id*; *see also In re LinkedIn User Priv. Litig.*, 309 F.R.D. 573, 591 (N.D. Cal. 2015) (noting in 2015 that "reasonable hourly rates...for paralegals and litigation support staff [range] from $150 to $240").

As Defendants filed no opposition to challenge these authorities, CNC has met its burden to present evidence that its attorneys' requested fees are comparable to those "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1110 (9th Cir. 2014).

*b. The Hours Expended are Reasonable*

The hours requested by CNC's counsel are supported by the billing records and declarations submitted herewith, which establish that the hours expended were reasonable. *See* Keshishian Decl., ¶¶ 6-9; *see also Fischer*, 214 F.3d at 1121 (attorney "is not required to record in great detail how each minute of his time was expended [but] can meet his burden—although just barely—by simply listing his hours and identifying the general subject matter of his time expenditures."); *Lytle v. Carl*, 382 F.3d 978, 989 (9th Cir.2004) ("[p]laintiff's counsel ... is not required to record in great detail how each minute of his time was expended" but need only "identify the general subject matter of [their] time expenditures.").

In preparing and filing a motion for default judgment in an intellectual property matter, courts have found a range of hours to be reasonable. *See, e.g.*, *Garrapata, LLC v. Norok Innovation, Inc.*, No. CV 21-00356-CJC (PDx), 2022 WL 4099471, at *2–3 (C.D. Cal. Jun. 24, 2022) (finding 46.5 hours spent on trademark infringement default judgment reasonable); *ROAR, LLC v. ROAR Glob. Ltd.*, 2016 WL 7115902, at *8 (C.D. Cal. Dec. 5, 2016) (finding 130 hours spent to obtain default judgment reasonable); *Westgate MFG, Inc. v. Norco Wholesale Elec. Supply Inc.*, No. 521CV02059JWHSPX, 2022 WL 3101766, at *7 (C.D. Cal. Aug. 3, 2022), *judgment entered*, No. 521CV02059JWHSPX, 2022 WL 3348926 (C.D. Cal. Aug. 11, 2022) (finding 42 hours to prepare and file a motion for default judgment to be reasonable for a team of four attorneys); *David*

*Lachapelle Studio Inc. v. VFiles*, LLC, No. CV 20-1357-SB (KSX), 2021 WL 1535538 (C.D. Cal. Mar. 25, 2021) (finding 77.5 hours billed by two attorneys for a straightforward, unopposed motion to be reasonable).

CNC's counsel expended a total of 59.4 hours in preparing and filing the complaint, attempting to communicate with Defendants, drafting and filing the request for default, preparing and filing the Motion for Default Judgment, and drafting this Motion.

Notwithstanding the foregoing, the Court "should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008); *Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1081 (N.D. Cal. 2010) ("An attorney's sworn testimony that, in fact, [the attorney] took the time claimed . . . is evidence of considerable weight on the issue of the time required.") (citing *Perkins v. Mobile Housing Bd.*, 847 F.2d 735, 738 (11th Cir. 1988). In order for the Court to reduce the number of hours worked, "it must appear that the time claimed is obviously and convincingly excessive under the circumstances." *Id.*

Given CNC's counsel's minimal amount of time expended to defend CNC's intellectual property rights and draft necessary documents, there is no basis to determine that counsel's time was obviously and convincingly excessive. Thus, because CNC's counsel's rates are reasonable, this Court should grant the requested fees.

**D. CNC IS ENTITLED TO INTEREST ON THE JUDGMENT**

"Interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a); *Autodesk, Inc. v. Flores*, 2011 WL 337836, at *10 (N.D. Cal. Jan. 31, 2011) (awarding post-judgment interest in a default judgment proceeding). Interest is "calculated from the date of the entry of the judgment, at a rate equal to the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding

the date of the judgment." 28 U.S.C. § 1961(a). **Post-judgment interest began to accrue on February 13, 2023, at a rate of 4.58% per annum**. *See* ECF No. 35, Judgment. Here, interest should be imposed given the willful nature of the infringement, Defendants' utter contempt for the judicial process, and the Copyright Act's express direction that "full costs" may be recovered.

## IV. CONCLUSION

Defendants willfully and intentionally infringed CNC's copyrighted Mastercam® software by copying and using pirated and cracked illicit software. Defendants ignored numerous requests that they cease their willful copyright infringement. Defendants have ignored these judicial proceedings by failing to respond to the Complaint. Thus, CNC respectfully requests that its Motion for Actual Damages, Costs, and Attorneys' Fees, plus interest, against Defendants AFL and Mamaril be granted in its entiret.

Dated: March 14, 2023

**MILORD & ASSOCIATES, P.C.**

/s/Milord A. Keshishian
Milord A. Keshishian
Attorneys for Plaintiff
CNC SOFTWARE, LLC